**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RICHARD VITRANO,                :
                                          Civil Action No. 13-1427 (JBS)
      Petitioner,    :

      v.             :   **OPINION**

FEDERAL BUREAU OF PRISONS,      :
et al.,
                                :
      Respondents.
                                :

**APPEARANCES:**

Richard Vitrano
03031-018
FCI Fort Dix
PO Box 2000
Fort Dix, NJ 08640
    Petitioner pro se

**SIMANDLE**, Chief Judge

    Petitioner Richard Vitrano, a prisoner currently confined at FCI Fairton, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The matter was previously administratively terminated because Petitioner failed to pay the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

filing fee. Petitioner subsequently paid the fee and the matter will be reopened. For the following reasons, this Court will dismiss the Petition.

## I. BACKGROUND

Petitioner states that he has been in federal custody since October 5, 2012 serving a sentence of one year and one day for a violation of supervised release. He states that he was informed that he has been "excluded from CTC (Halfway house) consideration." He states that he received no explanation for the exclusion and that he was "originally promised a 90 day CTC at Ft. Dix." He asserts that he is "severely prejudiced" because the denial of halfway house placement is "unreasonable" and "arbitrary and not based on fact." He states that a referral to a CTC facility would aid in his re-adjustment to the community. He asks that the Court "investigate the unreasonable decision of exclusion from the CTC Program and Order CTC placement as the Court deems fair and proper." He asserts that "the issue of immediate CTC placement creates a liberty interest hence the Administrative Remedy Requirement is not applicable." He asks that the Court immediately order CTC placement.

## II. DISCUSSION

A. Legal Standard

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).  A court presented with

a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

B.  Analysis

Petitioner has failed to exhaust his administrative remedies, as discussed below, and accordingly the Petition will be dismissed.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the

Regional Director of the BOP within 20 days of the date the Warden signed the response.  See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  See id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Petitioner did not pursue his administrative remedies regarding this issue.  In fact, Petitioner explicitly states that he has not filed any administrative remedies.  In his Petition, he states that "the Administrative Remedy Requirement is not applicable" because "the issue of immediate CTC placement creates a liberty interest."

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

5

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998) (exhaustion not required where petitioner demonstrates futility).

Here, Petitioner has not attempted to exhaust administrative remedies.  Further, Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile.  As such, the petition must be dismissed for failure to exhaust.

The Court notes that even if Petitioner had fully exhausted his administrative remedies, it is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.

III.  <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed.  Additionally, Petitioner's Motion to Cancel Administrative Termination and Excuse Exhaustion of Administrative Remedies will be dismissed as moot.  An appropriate order follows.


**April 16, 2013**  　　　　　　　　　　  **s/ Jerome B. Simandle**
Dated:　　　　　　　　　　　　　　　　Jerome B. Simandle
　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court